# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2196

_____

Gregory Lewis, also known as Eggy

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: June 28, 2017
Filed: July 24, 2017
[Unpublished]

_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gregory Lewis appeals following the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Lewis pleaded guilty to distributing crack cocaine near a school in 2013. The district court determined he was a career offender based, in part, on a finding that his 2006 Arkansas conviction for engaging in a continuing criminal gang qualified as a crime of violence; calculated a Guidelines range of 168-210 months; and imposed a sentence of 180 months. Lewis appealed, and this court enforced the appeal waiver. Lewis then filed this section 2255 motion, which the district court denied. We appointed counsel, and granted a certificate of appealability as to whether sentencing counsel was ineffective for failing to assert that Lewis's 2006 conviction did not qualify as a crime of violence. Lewis's appointed counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Lewis has filed a pro se supplemental brief.

We conclude that Lewis's 2006 conviction qualified as a crime of violence, as the statute of conviction criminalized conduct that presented a serious potential risk of injury to another, and was roughly similar to the offenses enumerated in the career-offender Guideline as crimes of violence. See U.S.S.G. § 4B1.2(a)(2) & comment. (n.1) (2012) (listing offenses that are crimes of violence, including offenses that otherwise involve conduct that presents serious potential risk of physical injury to another); Ark. Stat. §§ 5-74-104 (person engages in continuing criminal gang if he commits or attempts to commit felony predicate criminal offense, and that offense is part of continuing series of 2 or more predicate criminal offenses undertaken in concert with 2 or more other persons), 5-74-103 (as relevant, predicate criminal offense is crime in which defendant purposely or knowingly caused or threatened to cause death or physical injury to another); United States v. Benedict, 855 F.3d 880, 889 (8th Cir. 2017) (offense qualifies as crime of violence under residual clause if it presents serious potential risk of physical injury to another, and is roughly similar in kind, as well as degree of risk posed, to offenses listed in § 4B1.2(a)(2)).

We thus conclude Lewis failed to establish that counsel was ineffective, see Strickland v. Washington, 466 U.S. 668, 687 (1984) (to establish ineffective-

assistance claim, petitioner must show both that counsel's performance was deficient and that deficient performance prejudiced defense), and we affirm.

_____